UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY R. HALL, <br> VICKI HALL, <br><br> Plaintiffs, <br><br> v. <br><br> MENARD, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:21-cv-02932-TWP-MG <br> ) <br> ) <br> ) <br> ) |

# ORDER

Pending before the Court is Plaintiff's Motion to Compel Discovery. [Filing No. 59.] A discovery dispute has arisen between the parties regarding Plaintiffs' Interrogatory Nos. 6 and 7, and Plaintiffs' Request for Production ("RFP") No. 7. Specifically, Plaintiffs claim that Defendant's answers to these discovery requests are deficient due to their redaction. The Parties have attempted to informally resolve the dispute to no avail. Plaintiffs now request this Court compel Defendant to produce unredacted discovery responses to Plaintiffs' Interrogatory Nos. 6 and 7, and Plaintiffs' RFP No. 7.

## I.
### BACKGROUND

Plaintiff contends that they served their first set of discovery, including interrogatories and request for production, on Defendant on June 20, 2022.

On September 27, 2022, Defendant responded to Plaintiffs' Interrogatories and on September 28, 2022, Defendant responded to Plaintiffs' RFP. Within this response, Defendant advised Plaintiffs that it will not produce certain responsive documents until a Protective Order is in place. This Court granted the parties Protective Order on November 21, 2022. [Filing No. 36.]

The following day, November 22, 2022, Defendant served its supplemental responses to Plaintiffs' first set of requests for production, producing Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist) – Policy & Procedure #204, Updated 09/01/2020 ("P&P 204"), Store Facilities Repairs and Maintenance – Policy & Procedure #153 – Updated 09/01/2020 ("P&P 153"), Stocking, Down Stocking and Stocking Cart Programs – Policy and Procedure #165 – Updated 09/01/2020 ("P&P 165"). [*See* Filing No. 59-2.] Plaintiffs took issue with this production's redactions and argued that attachments and documents referenced within these policies and procedures were not produced. On November 29, 2022, Defendant sent a privilege log and further documents containing less redactions.

On December 5, 2022, the undersigned Magistrate Judge conducted an in-person settlement conference with the parties, concluding without resolution. [Filing No. 37.]

On January 27, 2023, Plaintiffs' counsel sent an email to Defendant's counsel informing them of their intent to serve Defendant with a Fed. R. Civ. P. 26(f) letter addressing these deficiencies. On January 31, 2023, Plaintiffs sent the 26(f) letter to Defendant and a Fed. R. Civ. P. 37(a)(1) meet and confer conference was held on March 2, 2023. This meet and confer conference failed.

On March 10, 2023, this Court issued an Order in which it ordered the parties to meet and confer in an effort to resolve the discovery dispute without further delay. [*See* Filing No. 55.] The parties held a second meet and confer conference on March 17, 2023, which ended without resolution.

## II.
### LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides a vehicle for the aggrieved party to request an order from the court compelling discovery should the parties not be able to informally resolve a

2

discovery dispute. See Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002); Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (internal citations omitted); see also Fed. R. Civ. P. 16(b)-(c) (providing the court broad authority to enter orders regarding the controlling and scheduling of discovery). Further, a party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3).

In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) of the Federal Rules of Civil Procedure governs. Rule 26 permits the discovery of nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits. See Fed. R. Civ. P. 26; Trupp v. Roche Diagnostics Corp., 2019 WL 2250584, *2 (S.D. Ind. 2019).

The party opposing a motion to compel has the burden to show the discovery requests are improper and to explain *precisely* why its objections or responses are proper given the broad and liberal construction of the federal discovery rules. Bell v. Pension Comm. of ATH Holding Co., LLC, 330 F.R.D. 517, 520 (S.D. Ind. 2018); Cunningham v. Smithkline Beecham, 255 F.R.D 474, 478 (N.D. Ind. 2009). Once a response has been made, the burden shifts to the party seeking discovery to explain why the opposing party's responses are inadequate. See Design Basics, Inc. v. Granite Ridge Builders, Inc., No. 1:06-cv-72, 2007 U.S. Dist. LEXIS 45798, 2007 WL 1830809, at *2 (N.D. Ind. June 21, 2007) ("A motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the responses adequate.") (citing James Wm. Moore, 7 Moore's *Federal Practice* § 37.05[5] (3rd

ed.)). Courts have broad discretion in resolving such disputes and do so by adopting a liberal interpretation of the discovery rules. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018).

### III.
#### DISCUSSION

Plaintiffs ask this Court to compel Defendant to produce all documents responsive to Interrogatory Nos. 6 and 7, and RFP No. 7, including information and documents requested in the 26(f) Letter, unredacted copies of P&P 153, P&P 165, and P&P 204, along with all documents and attachments referenced within these policies and procedures. [Filing No. 59 at 9.]

Plaintiffs contend that Defendant's responses were deficient, arguing they overly redacted P&P 153, P&P 165, and P&P 204 to "hide the ball", and Defendant's argument that the redacted portions of these documents are confidential and proprietary is unsubstantiated. [Filing No. 59 at 5-6.] They reason that the information sought pertains to policies and procedures in place to keep shopping aisles free of trash and refuse, resulting from the stocking and re-stocking of shelves. [Filing No. 59 at 5-6.] Plaintiffs then maintain that such standard operating procedures, safety training materials, and operating procedures for maintenance and inspection of aisleways are not ordinary those that contain trade secrets or other confidential material, and thus there is nothing unique about these procedures warranting such redaction. [Filing No. 59 at 6-7.] In addition, Plaintiffs argue that even if such material is proprietary or confidential, Defendant may produce these materials in accordance with the Protective Order in place. [Filing No. 59 at 7.] Lastly, Plaintiffs refute Defendant's argument that the redacted information is not discoverable, citing to various Seventh Circuit case law suggesting that policy manuals and relevant policies and procedures are relevant and admissible in premises liability cases. [Filing No. 59 at 8.] Of note,

missing from Plaintiffs' Motion to Compel are Defendants' responses to written discovery, along with Defendants' response to Plaintiffs' 26(f) letter.

Defendant responds that its answers are complete, noting that absent from Plaintiffs' motion are the Defendants' responses to written discovery along with their response to Plaintiffs' 26(f) letter. [Filing No. 63 at 3-4; *See also* Filing No. 63-1; Filing No. 63-2.] The crux of Defendant's argument against Plaintiffs' motion to compel is that not all the information in P&P 154, P&P 165, P&P 204, and the documents and/or attachments referenced within those policies and procedures are not relevant to the subject matter of this case. [Filing No. 63 at 7.]

At the heart of this dispute lies the question of whether it is appropriate for Defendant to withhold portions of documents via redaction that they produced, based upon Defendant's unilateral determination that the information is not relevant to the litigation.

This Court has said that "[r]elevance generally is not a sufficient reason to redact otherwise responsive documents. If a document contains unresponsive information that is particularly sensitive—for example, information that would violate a third-party's privacy—redaction or production under an attorneys' eyes-only provision may be appropriate." *F.F.T., LLC v. Sexton,* 2020 WL 3258623, at *4 (S.D. Ind. June 15, 2020) (MJD) (emphasis added). What constitutes relevant information is often a matter of judgment, and even "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." *Cox v. Sherman Cap. LLC*, 2016 WL 397607, at *1–2 (S.D. Ind. Feb. 2, 2016) (MJD), modified for other reasons on reconsideration, 2016 WL 7975817 (S.D. Ind. Feb. 5, 2016) (quoting *EEOC v. Dolgencorp,* LLC, 2015 WL 2148394 at *3 (N.D. Ill. 2015)); *see also In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.*, Nos. 08–1945, 08–333, 2009 WL

1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions are generally unwise. They breed suspicions, and they may deprive the reader of context.").

      Judge Brookman has found that redaction for relevance may be appropriate in very limited circumstances. In particular, he said redaction may be appropriate where the redacted material is not needed to provide context for the unredacted portions of the document and where the redacting party provides "an adequate explanation as to exactly what was redacted for relevance, which permits [the opposing party] to challenge any of those redactions if she does not believe that they are irrelevant." *Greenbank v. Great Am. Assurance Co.*, 2019 WL 6522885, at *12 (S.D. Ind. Dec. 4, 2019) (MPB).

      Judge Barker has disallowed a party's request to redact for relevance, finding as follows: "Novelty cites no authority for making such redactions (though we recognize that redaction of documents is a fairly common practice). Even if some controlling legal authority permitted the kind of relevancy redactions that Novelty seeks permission to make, we agree with Defendants that—given the discovery delays already occasioned by Novelty's misconduct and to avoid further discovery disputes—the more efficient procedure is to have Novelty produce the entire documents, if any portion of them are responsive to the Second RFP. Novelty remains free to designate those documents, or any others, as being subject to the protective order in effect in this case." *Novelty, Inc. v. Mountain View Mktg., Inc.*, No. 107CV01229SEBJMS, 2010 WL 11561280, at *6 (S.D. Ind. Jan. 29, 2010) (SEB).

      Interrogatory No. 6 seeks the "protocol followed by [Menards'] employees or agents for keeping the store, floor and aisleways maintained and free from any Hazard which may present a danger to invitees." Interrogatory No. 7 seeks the "protocol or procedures in place for [Menards'] employees, agents, or independent contractors related to stocking product on Menards' shelves or

6

any other display areas, including, but not limited to what the employee, agent, or independent contractor is required to do with empty boxes, pallets, or other Hazards once the product is placed on the shelf." RFP No. 7 seeks:

> Any and all agreements, contracts, company training policies, safety policies, employee handbooks/manuals, protocols, or other documents related in any way to:
> a. The set-up, cleanup, maintenance, repairs and upkeep of [Menards'] premises at the time of the subject accident;
> b. The stocking of products on the shelves or displays at [Menards'] premises;
> c. Any and all training of [Menards'] employees/agents at the time of the subject accident; and
> d. Any and all emergency response measures or protocols followed by [Menards'] employees/agents on the premises at the time of the subject accident, including measures or protocols in place for warning customers of dangerous conditions on [Menards'] premises.

This lawsuit stems from Plaintiffs' slip-and-fall over an empty wooden pallet in a shopping aisle at one of Defendant's stores. These discovery requests seek policies or protocols in place by Defendant related to "keeping the store, floor and aisleways maintained and free from any Hazard" and "stocking product on Menards' shelves or any other display areas." From the Court's review, the overarching policies and procedures for keeping the aisleways maintained and free from hazards and stocking products on display areas are certainly relevant to whether Defendant should have identified the pallet as a potential hazard and whether reasonable care was exercised to protect customers from this hazard.

Although Defendant argues it requested to be informed of specific subsections contained within the policies and procedures, along with how they are related to the central issue of the case, redaction of otherwise discoverable documents is the exception rather than the rule. Plaintiffs have not stated their intent to publicly file these policies or procedures. While subsections and additional documents relating to these policies and procedures may not directly lead to discoverable information, the redacted portions may supplement and add context to the unredacted sections.

7

Additionally, as was the case in *Novelty*, a protective order is in effect in this case and Defendant is free to designate these discovery documents as being subject to the protective order. Defendants have not established that discovery of the redacted information is improper considering the protective order in place.

Defendant's argument that Plaintiffs' discovery requests are vague in that they are not limited in time similarly lacks merit, as Plaintiffs provided a contextual date in their discovery requests, i.e., the date of the incident. [*See* Filing No. 59-1 at 6.] As such, Defendant can conclude that Plaintiffs request the policies and procedures in place at the time of the incident. There also appears to be no undue burden or cost on Defendant for producing these documents, as the information sought is electronically stored and easily accessible.

Therefore, Defendant shall produce to Plaintiff in unredacted form each of the redacted documents from the Interrogatory Nos. 6 and 7 and RFP No. 7 production.

## IV.
### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Compel, [59.] On or before August 1, 2023, Defendant shall produce in unredacted form:

- Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist) – Policy & Procedure #204, Updated 09/01/2020;
- Store Facilities Repairs and Maintenance – Policy & Procedure #153 – Updated 09/01/2020;
- Stocking, Down Stocking and Stocking Cart Programs – Policy and Procedure #165 – Updated 09/01/2020;
- Any and all other information and documents in Defendant's possession, custody, or control responsive to Interrogatory Nos. 6 and 7 and/or Request for Production No. 7 set forth in Plaintiff's First Set of Discovery Requests; and
- Any and all other documents attached to, linked to, or otherwise referenced in any document set forth above.

If Defendant believes this information is confidential, it shall designate it as such in accordance with the terms of the Protective Order in place. Plaintiffs may use the unredacted versions of those

documents as needed for their prosecution of this matter only; however, if Plaintiffs wish to file any document produced by Defendants, only the **redacted** version may be filed with the Court unless and until Plaintiffs seek and are granted leave to file specific additional portions of the document that were originally redacted by Defendants.

Date: 7/25/2023

                                                    Mario Garcia
                                                    United States Magistrate Judge
                                                    Southern District of Indiana

**Distribution via ECF to all counsel of record.**