UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY R. HALL, ) |
| VICKI HALL, ) |
| ) |
| Plaintiffs, ) |
| ) |
| v. ) Case No. 1:21-cv-02932-TWP-MG |
| ) |
| MENARD, INC., ) |
| ) |
| Defendant. ) |

**ORDER OVERRUING OBJECTION TO THE MOTION TO COMPEL**

This matter is before the Court on Defendant Menard, Inc's., ("Menards") Objection to Magistrate Judge's Order on Motion to Compel and Request for Relief or in the Alternative Extension of Time (Filing No. 73). Menards seeks relief from the Magistrate Judges July 25, 2023 order granting Plaintiffs' Motion to Compel (Filing No. 71). For the reasons explained below, the Court **overrules** Menards' Objection.

### I. PROCEDURAL BACKGROUND

Plaintiffs initiated this premises liability and loss of consortium action against Menards after Mr. Hall tripped and fell while shopping at a Menards store (Filing No. 1-1). A discovery dispute soon arose between the parties pertaining to Menards' answers to Interrogatory Nos. 6 and 7 and Menards' response to Request for Production ("RFP") No. 7. (Filing No. 71 at 1.) Interrogatory No. 6 sought the "protocol followed by [Menards'] employees or agents for keeping the store, floor and aisleways maintained and free from any Hazard which may present a danger to invitees." *Id*. at 7. Interrogatory No. 7 sought the

> protocol or procedures in place for [Menards'] employees, agents, or independent contractors related to stocking product on Menards' shelves or any other display

>areas, including, but not limited to what the employee, agent, or independent contractor is required to do with empty boxes, pallets, or other Hazards once the product is placed on the shelf.

*Id*. at 6-7.  RFP No. 7 sought:

>Any and all agreements, contracts, company training policies, safety policies, employee handbooks/manuals, protocols, or other documents related in any way to:
>
>a.  The set-up, cleanup, maintenance, repairs and upkeep of [Menards'] premises at the time of the subject accident;
>
>b.  The stocking of products on the shelves or displays at [Menards'] premises;
>
>c.  Any and all training of [Menards'] employees/agents at the time of the subject accident; and
>
>d.  Any and all emergency response measures or protocols followed by [Menards'] employees/agents on the premises at the time of the subject accident, including measures or protocols in place for warning customers of dangerous conditions on [Menards'] premises.

*Id*. at 7.

On July 25, 2023, the Magistrate Judge granted Plaintiffs' Motion to Compel and ordered Menards to provide in unredacted form by August 1, 2023 (7 days) the following:

>Daily Manager's Responsibilities (To-Do Lists and Department Closing Checklist) – Policy & Procedure #204, Updated 09/01/2020;
>
>Store Facilities Repairs and Maintenance – Policy & Procedure #153 – Updated 09/01/2020;
>
>Stocking, Down Stocking and Stocking Cart Programs – Policy and Procedure #165 – Updated 09/01/2020;
>
>Any and all other information and documents in Defendant's possession, custody, or control responsive to Interrogatory Nos. 6 and 7 and/or Request for Production No. 7 set forth in Plaintiff's First Set of Discovery Requests; and
>
>Any and all other documents attached to, linked to, or otherwise referenced in any document set forth above.

*Id*. at 8.

## II.   DISCUSSION

Menards contends that the Magistrate Judge's Order granting Plaintiffs' Motion to Compel was clearly erroneous or contrary to law.  Plaintiffs have not responded to Menards' Objection.

Pretrial discovery questions are generally considered non-dispositive.  Section 636 of the Federal Magistrates Act, and Federal Rule of Civil Procedure 72(a) govern district court review of non-dispositive magistrate judge decisions. 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge ... must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  Under the clear error standard, the court can "overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Menards contends that "Interrogatory Nos. 6 & 7 and Request for Production No. 7 are overly broad and seek information not related to the issue at hand in any manner."  (Filing No. 73 at 5.)  According to Menards, it has "over 250 Policies & Procedures and the sheer amount of documents related to, attached to, linked to, or otherwise referenced within these documents will be over 30,000 pages." *Id*.  Also,

> It is abundantly clear that many of the documents "attached to, linked to, or otherwise referenced" within these Policies and Procedures are irrelevant to this matter and are overly broad. For example, contained within Policy and Procedure # 152, some of the documents "attached to, linked to, or otherwise referenced" are HVAC, Fire Suppression, Energy management Systems and Temperature and Lighting Settings, Generators, Alarm Systems, Accounts Payable, Piano Maintenance Guide, Gift Card Inventory Program, Etc. None of these documents have any bearing to the central issue to Plaintiffs' case. Due to the volume of documents alone, it will take Menards hundreds of hours to review and make sure each and every document is produced, many of which have no bearing at all. If

3

>there are sections that Plaintiffs' [sic] believe are relevant, Menards will produce the specific documents, however, the burden outweighs the benefit.

(Filing No. 73 at 6.)

The Magistrate Judge was tasked with determining whether it was "appropriate for Defendant to withhold portions of documents via redaction that they produced, based upon Defendant's unilateral determination that the information is not relevant to the litigation." (Filing No. 71 at 5.) The Magistrate Judge began by correctly noting that motions to compel are governed by Rule 26 which "permits the discovery of nonprivileged matters that are relevant to a party's claim or defense and proportional to the needs of a case, considering the importance of the issues at stake, the importance of the discovery in resolving those issues, the amount in controversy, and the weighing of burdens and benefits." *Id*. 3. Having made these considerations, the Magistrate Judge found that,

>[R]edaction of otherwise discoverable documents is the exception rather than the rule. … While subsections and additional documents relating to these policies and procedures may not directly lead to discoverable information, the redacted portions may supplement and add context to the unredacted sections. Additionally, as was the case in *Novelty*, a protective order is in effect in this case and Defendant is free to designate these discovery documents as being subject to the protective order. Defendants have not established that discovery of the redacted information is improper considering the protective order in place.

(Filing No. 71 at 7-8.)

Menards has not shown that the Magistrate Judge's Order was clearly erroneous or contrary to law to justify sustaining its Objection. The relevance of the redacted documents has been previously briefed and argued by all parties. The cases relied on by the Magistrate Judge in his Order correctly applied the liberal discovery standard for relevance. *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018); *Cunningham v. Smithkline Beecham*, 255 F.R.D 474, 478 (N.D. Ind. 2009); *Chicago Reg. Council of Carpenters Pension*

4

*Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018). "Relevance in discovery is broader than relevance at trial; during discovery, a broad range of potentially useful information should be allowed when it pertains to issues raised by the parties' claims." *Advanced Magnesium Alloys Corp. v. Dery*, 2021 WL 2915256, at *6 (S.D. Ind. Apr. 19, 2021).

Here, the Magistrate Judge sufficiently and correctly considered, analyzed, and addressed each of the arguments raised by Menards. The Magistrate Judge addressed Menards' purported undue burden argument by noting that, "[t]here also appears to be no undue burden or cost on Defendant for producing these documents, as the information sought is electronically stored and easily accessible." (Filing No. 71 at 8.) Menards never addressed this point in its Motion.

Moreover, Menards has represented that it has complied with the Magistrate Judge's Order by providing the unredacted documents to Plaintiffs. (Filing No. 76 at 3-4.) The Court finds no basis to modify or set aside the Magistrate Judge's Order, thus Menards' Objection to the Magistrate Judge's Order is **overruled**.

### III.    CONCLUSION

For the reasons stated above, Menards' Objection to Magistrate Judge's Order on Motion to Compel and Request for Relief or in the Alternative Extension of Time (Filing No. 73) is **OVERRULED**.

SO ORDERED.

Date:   9/19/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Eric K. Habig
BECK ROCKER & HABIG, P.C.
ehabig@beckrocker.com

Jessica N. Hamilton
Kopka Pinkus Dolin, P.C.
jnhamilton@kopkalaw.com

Leslie B. Pollie
Kopka Pinkus Dolin, P.C.
lbpollie@kopkalaw.com

Zachary C. Raibley
Kopka Pinkus Dolin PC
zcraibley@kopkalaw.com