**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JEFFREY R. HALL,<br>VICKI HALL, | )<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 1:21-cv-02932-TWP-MG |
| | ) |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

This matter is before the Court on Defendant Menard, Inc's., ("Menards") Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 (Filing No. 38). Plaintiffs Jeffrey R. Hall ("Jeffrey") and Vicki Hall ("Vicki") (collectively, the "Plaintiffs") initiated this negligence premises liability and loss of consortium action against Menards after Jeffrey tripped and fell while shopping at a Menards store in the Southern District of Indiana (Filing No. 1-1).  For the reasons set forth below, judgment as a matter of law is **granted**.

## I.    **FACTUAL BACKGROUND**

The following facts are not necessarily objectively true, but, as required by Rule 56, the facts are presented in the light most favorable to the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The relevant facts presented in the designated evidence are mostly undisputed. On September 11, 2020, Jeffrey and his wife, Vicki, were shopping at the Menards store located on Merchant Mile, in Columbus, Indiana. (Filing No. 39-1 at 4.)  They were preparing to move into a new home and wanted to look at the different types of shiplap that Menards carried.  (Filing No. 50-2 at 6.)  Upon finding the shiplap they needed, the Plaintiffs counted the pieces and noted that

there was not enough shiplap by 5-6 to finish their project. ([Filing No. 39-5 at 3](#).)  The couple were discussing going to another Menards location in the area to see if that store had the amount they needed, and so,

> I [Jeffrey] took my camera out and took a picture of the SKU, which is the description and part number and all of that, their in-store identification. And as I pulled the phone up, took a step back, so – because it was overheard – I'm 5'9", and it was above my head height, that's when I stepped back into the pallet and fell backwards onto the pallet.

([Filing No. 50-2 at 9](#).)

No one witnessed Jeffrey's fall including Vicki, who was not looking at him when he fell ([Filing No. 39-4 at 6](#); [Filing No. 39-5 at 3](#)).  The pallet he fell into was empty and approximately 48 inches by 48 inches, it was "painted kind of a medium blue" and laying across a gray concrete floor ([Filing No. 39-3 at 2-5](#); [Filing No. 50-2 at 10-11](#)). While the Plaintiffs had been at Menards for about thirty minutes prior to the incident, neither recall seeing the empty blue pallet, nor did they see who left the pallet in the aisle, what was on it prior to the accident or how long it had been there ([Filing No. 39-4 at 5-6](#); [Filing No. 39-5 at 3-4](#); [Filing No. 50-2 at 13](#); [Filing No. 50-3 at 8](#)).  Jeffrey did not seek help or fill out an incident report; instead, Vicki filled out an incident report for him and took a photograph of the pallet, as shown below.



([Filing No. 50-4](#)).

Unfortunately, Jeffrey "suffered painful, severe, and permanent injuries, which include but are not limited to contusion of right shoulder; swelling; severe pain; rotat[or] cuff tear." (Filing No. 39-1 at 3.)  He underwent surgery to repair the damage.  *Id*.  And "[e]ven after surgery and months of physical therapy, [he] still faces restrictions and limitations on a daily basis from the injury he suffered in the fall." (Filing No. 50 at 5, *citing* Filing No. 50-2 at 17-18.)

Menards has not designated a written policy or procedure regarding detection or removal of empty pallets from the floor of the store.  However, it has designated evidence affirming that employees are "trained to be vigilant of their surroundings and inspections are performed in the regular course of business by Menard Team Members.  (Filing No. 39-6 at 9.)  All Team Members are trained to be aware of hazards and regularly patrol and inspect the premises," and Team Members "perform regular walkthroughs of the subject area to ensure that merchandise is appropriately placed for guest purchase and are available to assist guests upon request." *Id*. "Besides Jeff's incident, from three years prior until current, there have been no complaints, records, or other instances pertaining to pallets or skids at the Columbus, Indiana Menards store." (Filing No. 40 at 5, *citing* Filing No. 39-6 at 6; Filing No. 39-7 at 2.)

On November 2, 2021, Plaintiffs filed suit against Menards in state court alleging negligence and loss of consortium, seeking damages "as a direct and proximate result of the negligent, careless, wanton, outrageous, and reckless acts and omissions of Menards" (Filing No. 1-1 at 5 ¶ 23).  Menards removed the matter to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Filing No. 1).  Soon after, Menards filed its Motion for Summary Judgment, the Plaintiffs filed a response, and Menards replied (Filing No. 38; Filing No. 50; Filing No. 56).

## II.   **LEGAL STANDARD**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007).

In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered

undisputed and potentially in the grant of summary judgment.  Fed. R. Civ. P. 56(e).  The court

need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every

inch of the record" for evidence that is potentially relevant to the summary judgment motion.

*Grant v. Trustees of Indiana University*, 870 F.3d 562, 572-73 (7th Cir. 2017).

### III.   <u>DISCUSSION</u>

Menards argues summary judgment is appropriate because, among other things, the empty

blue pallet did not constitute an unreasonably dangerous condition and, alternatively, the empty

blue pallet was an open and obvious condition that Jeffrey should have avoided. (<u>Filing No. 40</u>;

<u>Filing No. 56</u>).  Plaintiffs argue that even if the empty blue pallet was an open and obvious

condition, Menards should have guarded against such conditions because it is reasonable to

foresee that customers shopping in Defendant's stores would be distracted (<u>Filing No. 50</u>).

Because federal subject matter jurisdiction is based upon diversity of citizenship, the

Court applies the substantive law of Indiana. *See Maurer v. Speedway, LLC*, 774 F.3d 1132, 1136

(7th Cir. 2014).  Before beginning the summary judgment analysis, the Court will first address

the motions imbedded in the parties' briefs.

### A.   <u>Motion to Strike Plaintiffs' Rule 56-1 Statement</u>

In its reply brief, Menards argues that an unspecified portion of Plaintiffs' 'Statement of

Material Facts in Dispute' should be stricken for violating Local Rule 56-1 because it includes

"conclusory statements, speculative assertions, or legal arguments" and does not identify "factual

disputes nor specifically controvert" Menards' 'Statement of Material Facts Not in Dispute.'

(<u>Filing No. 56 at 5</u>.)

Under the local rules, a party seeking summary judgment must file a supporting brief with

a section "labeled 'Statement of Material Facts Not in Dispute' containing the facts [] that are

potentially determinative of the motion [,] and as to which the movant contends there is no genuine issue." S.D. Ind. L.R. 56-1(a) (internal subdivisions omitted). The non-movant's brief similarly "must include a section labeled 'Statement of Material Facts in Dispute' that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." S.D. Ind. L.R. 56-1(b). Such statements should contain only material facts, "not...mere background facts," and must "state facts, not the party's argument...." S.D. Ind. L.R. 56-1(a) cmt.; S.D. Ind. L.R. 56-1(b) cmt. The movant's facts "are admitted without controversy" unless the non-movant "specifically controverts" them in his fact statement; shows them to be unsupported by admissible evidence; or shows that reasonable inferences in his favor can be drawn from them sufficient to preclude summary judgment. S.D. Ind. L.R. 56(f)(1)(A)–(C). The obligation falls to the parties, not the district court. *Hinterberer v. City of Indianapolis*, 966 F.3d 523, 528-29 (7th Cir. 2020) (affirming the striking of non-movant's Rule 56-1 statement where it failed to "identify the potentially determinative facts that […] required resolution at a trial.").

Here, Menards ask the Court to strike all statements that are not consistent with the local rule,

> [M]any of Plaintiffs purported "material facts in dispute" are merely conclusory statements, speculative assertions, or legal arguments. Further, many of Plaintiffs' "material facts in dispute" are actually not [in] dispute as they are nearly identical to that of Menards. To the extent that Plaintiffs' supposed material facts in dispute violate Rule 56 and S.D. Ind. L.R. 56-1, such statements should be stricken.

(Filing No. 56 at 5.)

Menards fails to develop this argument. It does not point the Court to any specific statement(s) within Plaintiffs' 'Statement of Material Facts in Dispute' that should be stricken. Menards generally asks the Court to assess every sentence of Plaintiffs' 'Statement of Material

Facts in Dispute' to determine whether it should be stricken. The Court declines to do so, as it was on Menards to develop this argument. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) (noting that perfunctory and undeveloped arguments are waived). Moreover, the Court would reach the same conclusion as set forth below, even had it decided to strike portions or all of Plaintiffs' 'Statement of Material Facts in Dispute'.  The Court **denies** Menards' motion to strike an unspecified portion of Plaintiffs' 'Statement of Material Facts in Dispute'.

## B.    Plaintiffs' Purported Rule 56(d) Motion

Imbedded in Plaintiffs' Response to the summary judgment motion appears to be motion pursuant to Federal Rule of Civil Procedure 56(d), requesting the Court to delay its ruling on Menards' Motion because Plaintiffs are awaiting relevant discovery from Menards (Filing No. 50 at 8-9) (citing Filing No. 41; Filing No. 46). Rule 56(d) "authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). "A party seeking the protection" of Rule 56(d) "must make a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1057, n. 5 (7th Cir. 2000) (quoting *United States v. All Assets and Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995) (citations and footnote omitted)). A Rule 56(d) affidavit should include "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful." *Buquer v. City of Indianapolis*, 2012 WL 829666, *2 (S.D. Ind. Mar. 9, 2012).

Although Rule 56(d) "requires the submission of a supporting affidavit, a court has discretion to ignore the failure to comply with that requirement if the party otherwise clearly sets out the justification for a continuance." *Bauer v. Shepard*, 2008 WL 4411658 *3–4 (N.D. Ind. Sept. 25, 2008). (quoting *Pfeil v. Rogers*, 757 F.2d 850, 856 (7th Cir. 1985)); *see also Smith v. Dominick's Finer Foods, Inc.*, 2009 WL 2358580, at *2 (N.D. Ill. July 28, 2009) The Seventh Circuit has instructed that courts should construe Rule 56(d) liberally. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994).

Here, Plaintiffs have not submitted any affidavits or declarations in support of a Rule 56(d) motion, however, they have clearly stated their proposed justification for a continuance.  Plaintiffs are seeking Menards' "written policies and procedures for keeping their shopping aisles free of empty wooden pallet." (Filing No. 41 at 3) (see also Filing No. 46). It is unclear how these documents could reasonably create a genuine issue of material fact in this case. As discussed in the section "C" of this Order, Plaintiffs are required to put forth evidence showing that Menard had actual or constructive knowledge of the empty blue pallet in the aisle prior to Jeffrey's fall. While Menards' internal policies regarding keeping the aisles clean and clear of such objects may be relevant to the case, Plaintiffs have not explained how this evidence could in any way show that Menards or its employees had actual or constructive knowledge of the empty blue pallet prior to Jeffrey's fall.

In support of their request to delay a ruling on the summary judgment motion, Plaintiffs rely on *Deere & Co. v. Ohio Gear*, 462 F.3d 701 (7th Cir. 2006). But the facts in *Deere* are readily distinguishable from the facts here. *Id.* at 708 (finding that "the district court abused its discretion by invoking Local Rule 7.1(D)(2) under the particular circumstances of this case, and by entering summary judgment without having decided the pending discovery motions and without a

response from [plaintiff]."). Here, that is not the case. The Court has decided Plaintiffs' discovery dispute,[1] and Plaintiffs responded to Menards' summary judgment motion. As explained below, there is no dispute about Menards' knowledge and the requested documents cannot in anyway create a genuine issue regarding Menards' knowledge. The Court fails to see any reason to delay ruling on Menards' summary judgment motion, accordingly, the Court denies Plaintiffs' purported Rule 56(d) request.

## C.    <u>Premises Liability</u>

In Indiana, duty of care is an element in every negligence claim, as is the breach of that duty and the fact that the breach caused the injury. *Powell v. Stuber*, 89 N.E.3d 430, 433 (Ind. Ct. App. 2017). Plaintiffs claim is based on the negligence theory of premises liability under Indiana law. To succeed on this negligence claim, Jeffrey must establish that: (1) Menards had a duty to conform its conduct to a standard of care arising from its relationship with him, (2) Menards failed to conform its conduct to that standard of care, and (3) Jeffrey sustained an injury proximately caused by Menards' breach. *City of S. Bend v. Dollahan*, 918 N.E.2d 343, 352 (Ind. Ct. App. 2009). When there is no genuine issue of material fact and any one of these elements is clearly absent, summary judgment is appropriate. *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind. Ct. App. 1995).

The parties do not dispute and, the Court agrees, that when Jeff fell, he was a business invitee at Menard and, thus, Section 343 of the Restatement (Second) of Torts applies (Filing No.

---

[1]Although the parties dispute whether there has been full compliance with the discovery order, the additional discovery sought—evidence concerning Menards' Policies and Procedures related to "keeping the store, floor and aisleways maintained and free from any Hazard" and "stocking product on Menards' shelves or any other display areas"(Filing No. 71 at 7)—has no bearing the issue of actual or constructive knowledge of the empty blue pallet prior to Jeffrey's fall.

40 at 7; Filing No. 50 at 10). To articulate the contours of this duty, the Indiana Supreme Court

adopted the Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees
> by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition,
>     and should realize that it involves an unreasonable risk of harm to such
>     invitees; and
> (b) should expect that they will not discover or realize the danger, or will fail to
>     protect themselves against it; and
> (c) fails to exercise reasonable care to protect them against the danger.

*Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011) *(*citing *Burrell v. Meads*, 569 N.E.2d 637,

639-40 (Ind. 1991).

Each of the three elements must be present. *Rogers v. Martin*, 63 N.E.3d 316, 322 (Ind.

2016). Here, the Court resolves Defendant's Motion for Summary Judgment on the first element

which requires that Menards have "actual or constructive knowledge of a condition on the

premises that involves an unreasonable risk of harm to invitees." *Pfenning*, 947 N.E.2d at 406,

("[B]efore liability may be imposed on the invitor, it must have actual or constructive knowledge

of the danger."); *see also Schulz*, 963 N.E.2d at 1144. So, at issue is whether Menards had actual

or constructive knowledge of the empty blue on the floor that created an unreasonable risk of

harm to Jeffrey.

### 1.   **Actual Knowledge**

Menards argues the evidence fails to establish that it had actual knowledge of the empty

blue pallet (Filing No. 40 at 17).  The Court agrees with Menards.

Plaintiffs assert, without designating any evidence, that "[t]here is nothing in the record,

however, to suggest anyone other than a Menards' employee left the pallet in that location." (Filing

No. 50 at 5.)  Plaintiffs argue that "Menards left or allowed an empty pallet to remain on the floor

of its store posing a tripping hazard to Menards' customers." *Id*. at 15. Plaintiffs, however, have not put forth any evidence regarding Menard's knowledge of the empty blue pallet.  There is no evidence that any of Menard's employees either saw or were informed about the location of the empty blue pallet prior to Jeffrey's fall.  Jeffrey's testimony that he overheard one of Menard's employees stating "if [the pallet] was empty, that pallet shouldn't have been on the floor", ([Filing No. 50-2 at 16](#)), does not prove knowledge but merely demonstrates that had one of Menards' employees been aware of the condition, they were expected to and should have removed the empty blue pallet from the floor.

Jeffrey argues that he was appropriately distracted by the display of shiplap in front of him as he was shopping, and it was perfectly reasonable for him to take a small step backwards and not expect to trip over an empty pallet left on the floor. ([Filing No. 50 at 12](#)). But this assertion does not show that Mernards knew or should have known of an unreasonable danger on the premises. As the party who bears the burden of proof, Plaintiffs may not rest on their pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial.  While Indiana's unique summary judgment standard requires the moving party to affirmatively negate an opponent's claim, that heightened standard does not apply in federal court.  *See Carson v. ALL Erection & Crane Rental Corp.*, 811 F.3d 993, 998 (7th Cir. 2016).

Considering Plaintiffs' failure to designate any evidence pointing to Menards' actual knowledge of the empty blue pallet prior to Jeffrey's fall, the Court must assume that Jeffrey does not dispute this fact.  Thus, the only issue is whether Menards had constructive knowledge of the empty blue pallet.

2.      **Constructive Knowledge**

Mernards also argues the designated evidence fails to establish that it had constructive knowledge of the empty blue pallet (Filing No. 40 at 17).  Indiana courts have found constructive knowledge where a condition "has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care."  *Schulz*, 963 N.E.2d at 1144.  The length of time is important and can be circumstantial evidence of constructive knowledge. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008) ("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice."). Here, Plaintiffs have not designated any evidence to show that the condition—an empty blue pallet of approximately 48 inches by 48 inches lying across the gray concrete floor—existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury to Jeffrey (Filing No. 39-3 at 2-5).  Credible evidence shows that neither Jeffrey nor Vicki knew how much time had elapsed between the empty blue pallet being left in the aisle and Jeffrey's accident (Filing No. 39-4 at 6; Filing No. 39-5 at 4). There is no evidence of any customer ever tripping or falling or injuring themselves because of the empty blue pallet, and there is no evidence that any customer or Menards' employee complained about the empty blue pallet (Filing No. 39-6; Filing No. 39-7).  In fact, credible evidence shows that "[i]n the three (3) years prior to Jeffrey's incident until current, the Columbus Menards had no reported incidents involving guests tripping and falling on pallets nor were there any complaints or reports involving pallets to put Menards on notice of a potential risk." (Filing No. 56 at 8; Filing No. 39-6; Filing No. 39-7.)

The fact that Jeffrey did not see the empty blue pallet and fell does not prove that Menards had constructive knowledge of it being in the aisle.  While "Menard Team Members are trained to be vigilant of their surroundings, to keep aware of hazards, and they regularly patrol and perform inspections in the regular course of business," this, however, does not constitute actual or constructive knowledge (Filing No. 40 at 5, *citing* Filing No. 39-6).  Even if Menards' employees knew that hazards were possible, that does not mean that they knew a hazard had surfaced in the area in which Jeffrey fell.  *See Austin v. Walgreen Co.*, 885 F.3d 1085, 1088-89 (7th Cir. 2018).  In *Austin* the Seventh Circuit noted that,

> There are many potential hazards that can exist in a store like Walgreens: soda bottles can fall off a display stand and leak, glass cosmetics jars can shatter on the floor, or toys could clutter an aisle. That any of those hazards and many others could occur at any given moment probably ought to be on the mind of a person charged with managing a store, but that does not automatically impute instantaneous knowledge of when those hazards come about. The law does "not hold [a storeowner] strictly liable for a fall occurring before [it] even had a chance to remove the foreign substance from the floor." Without evidence that Walgreen had a chance to respond to any hazard, Austin cannot establish knowledge.

*Id*. at 1089. (citation omitted).

Jeffrey offers speculation about Menards' knowledge; however, at the summary judgment stage, he needed to provide evidence to support his claim.  Given Jeffrey's failure to designate any evidence pointing to Menards' constructive knowledge of the empty blue pallet prior to his fall, the Court is persuaded that reasonable minds could not differ. Because the record has no evidence that Menards had either actual or constructive knowledge of the allegedly dangerous condition, Jeffrey's premises liability claim against Menards fail as a matter of law. *See Salisbury v. Kroger Limited Partnership I*, 2021 WL 4895327, *6 (S.D. Ind. Oct. 20, 2021); *see also Waldon v. Wal-Mart Stores Inc.*, 2019 WL 699139 (S.D. Ind. Feb. 20, 2019), *aff'd sub nom. Waldon v.*

*Wal-Mart Stores, Inc.*, 943 F.3d 818 (7th Cir. 2019) (court declined to draw an inference as to how long a hazard had existed when only supported by speculation or conjecture).

Because the Court grants summary judgment on the first element, the Court need not address the parties' remaining premise liability arguments.[2]

### D.    Vicki's Derivative Consortium Claim

Menard argues that "[b]ecause a loss of consortium claim is derivative in nature, Vicki's claim against Menards [sic] fail[s] if Jeff[rey]'s claim for injuries fails." (Filing No. 40 at 15) (citing *Durham ex rel. Estate of Wade v. U-Haul Intern.*, 745 N.E.2d 755, 764 (Ind. 2001)). Plaintiffs contend that "[b]ecause there is a genuine issue of fact concerning the known or obvious danger posed by the empty pallet, Menards' [sic] summary judgment as to Vicki's loss of consortium claim should also be denied." (Filing No. 50 at 19, fn. 3.)  The Court agrees.

In *Nelson v. Denkins*, the Indiana Court of Appeals "noted that a cause of action for loss of consortium is derivative in nature because it "derives its viability from the validity of the claim of the injured spouse against the wrongdoer."  598 N.E.2d 558, 563 (Ind. Ct. App. 1992).  The derivative claimant must prove all the elements of the related tort to recover.  *See Mayhue v. Sparkman*, 653 N.E.2d 1384, 1386 (Ind.1995). Thus, because Jeffrey's premises liability claim fails, Vicki's loss of consortium claim must also fail.  Therefore, the Court grants Menard's Motion for Summary Judgment on Vicki's loss of consortium claim.  *See Palmer v. Gorecki*, 844 N.E.2d

---

[2] The Court briefly notes that Plaintiff's fare no better on the second element. In cases of unreasonable risk, a possessor of land may still avoid liability of physical harm to an invitee caused "by any activity or condition on the land which danger is known or obvious to [the invitee], unless the possessor should anticipate the harm despite such knowledge or obviousness." See *Pickens v. Wal-Mart Stores East, LP*, Case No. 3:14-CV-318-CAN, 2015 U.S. Dist. LEXIS 110095 (N.D. Ind. Aug. 20, 2015); *Parojcic v. Bethlehem Steel Corp*. 128 F.3d 601, 602 (7th Cir. 1997). The designated evidence-a photograph of the 48 x 48 blue pallet on the gray floor -would have been apparent to and recognized by a reasonable person. The key to a hazard being "known or obvious" does not require that Jeffrey know of or see the condition, only that the condition would be "obvious" as measured from the perspective of a reasonable person. *See Converse v. Elkhart Gen. Hosp., Inc.*, 120 N.E.3d 621, 627 (Ind.Ct.App. 2019).

149, 157 (Ind. Ct. App. 2006) (noting that "because we affirm the trial court's summary judgment ruling in favor of Dr. Gorecki, Thelma's loss of consortium claim is not viable.").

### E.  <u>Punitive Damages Claim</u>

Finally, Mernards contends that Plaintiffs' Complaint asserts punitive damages claims when it alleged that Menards was "negligent, careless, wanton, outrageous, and reckless" (<u>Filing No. 1-1 at 5 ¶ 23</u>); and that Plaintiffs waived this claim when they failed to address it in their response brief. (<u>Filing No. 56 at 3</u>). Where a party makes no attempt to respond to an argument concerning a claim at summary judgment, that party waives the claim. *See Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018). However, there is no separate cause of action for punitive damages; they are derivative of actual damages. *Payton v. Johnson & Johnson*, 2021 WL 1923799, at *13 (May 13, 2021).

> [A]lthough the civil law allows damages to be imposed for punishment and deterrence incident to damages imposed for invasion of a recognized legal right, to allow an action solely for purposes of punishment to be brought by a private individual would frustrate these purposes. It is often said that a litigant has no right to punitive damages, but that they are a mere 'windfall' to the fortuitous recipient.

*See Grimes v. Jones*, 567 N.E.2d 858, 860 (Ind. Ct. App. 1991). Therefore, any claim for punitive damages is not only waived, but is no longer viable.

### IV.  <u>CONCLUSION</u>

For the reasons explained above, the Court **GRANTS** Defendant's Motion for Summary Judgment (<u>Filing No. 38</u>). Plaintiffs Motion to Adopt Plaintiffs' Proposed Amended Case Management Plan (<u>Filing No. 69</u>) is **DENIED AS MOOT**. The Court recognizes that Plaintiffs' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(C) (<u>Filing No. 75</u>); and Verified Motion to Enforce Court's Order Compelling Defendant to Produce Documents and Request for

Sanctions (Filing No. 87), remain pending. So, final judgment will issue under a separate order following a ruling on those two motions.

      **SO ORDERED.**

      Date:   9/20/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric K. Habig
BECK ROCKER & HABIG, P.C.
ehabig@beckrocker.com

Jennifer Marie Carpenter
KOPKA PINKUS DOLIN, P.C.
jmcarpenter@kopkalaw.com

Jessica N. Hamilton
KOPKA PINKUS DOLIN PC (Carmel)
jnhamilton@kopkalaw.com

Leslie B. Pollie
KOPKA PINKUS DOLIN PC (Carmel)
lbpollie@kopkalaw.com