UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEFFREY R. HALL,                              )
VICKI HALL,                                   )
                                              )
                Plaintiffs,                   )
                                              )
          v.                                  )      No. 1:21-cv-02932-TWP-MG
                                              )
MENARD, INC.,                                 )
                                              )
                Defendant.                    )

## ORDER

Pending before the Court is Plaintiffs' Motion for Rule 37 Sanctions, [Filing No. 75], and

Plaintiffs' Verified Motion to Enforce Court's Order Compelling Defendants to Produce

Documents and Request for Sanctions, [Filing No. 87], against Defendant for its failure to comply

with this Court's Order compelling production of certain documents as part of a discovery dispute.

## I.
### BACKGROUND

Plaintiff originally filed this action in November 2021. [Filing No. 1.] A discovery dispute

arose between the parties pertaining to Defendant's answers to Interrogatory Nos. 6 and 7, and

Defendant's response to Request for Production No. 7. As the facts underlying this dispute are

fully detailed in the briefing on Plaintiffs' Motion for Continuance of Trial, [Filing No. 41; Filing

No. 44, Filing No. 45; Filing No. 65], the Court's Order granting Motion for Continuance, [Filing

No. 55], the briefing on Plaintiff's First Motion to Compel Discovery, [Filing No. 59; Filing No.

63; Filing No. 66], the Court's Order granting Motion to Compel, [Filing No. 71], and Defendant's

Appeal of Magistrate Judge's Decision Granting Motion to Compel, [Filing No. 73], the Court only

briefly summarizes that the discovery dispute involves documents containing manuals, policies,

and procedures that were referenced in the produced Policies and Procedures 153, 165 and 204.

The District Judge has since issued an Order Overruling Objection to the Motion to Compel,

[Filing No. 88], and granted Defendants' Motion for Summary Judgment on September 20, 2023,

[Filing No. 89]. The only disputes between the parties that remain involve Plaintiffs' two requests

for sanctions, [Filing Nos. 75; 87].

## II.
### DISCUSSION

### A.      Plaintiffs' Motion for Sanctions, [Filing No. 75]

Plaintiffs argue that this Court compelled Defendant to produce the unredacted documents

that were at the heart of the prior discovery dispute, but rather than complying with this directive,

Defendant filed an objection to the Magistrate Judge's Order one day later. [Filing No. 75 at 2.]

Plaintiffs contend there is no justifiable reason why Defendant did not produce the discovery

documents, and that because it has acknowledged in its Objection that it has not fully complied

with the Court's order by the August 1, 2023, deadline, Plaintiffs are entitled to an award of their

attorneys' fees in litigating this discovery dispute for failure to comply with the discovery order.

[Filing No. 75 at 2.] Plaintiffs state that they have incurred $3,140.00 in legal fees in litigating this

discovery dispute. [Filing No. 75 at 3; Filing No. 75-1.]

Defendant argues that Fed. R. Civ. P. 37 details that fees must not be awarded against a

party whose position was substantially justified or when other circumstances would make the

award unjust, and further argues that its legal position in opposition to Plaintiffs' Motion to Compel

was substantially justified and supported by case law. [Filing No. 76 at 1.] It then notes that the

Court disagreed with Defendant's position and while it filed an objection to the Magistrate Judge's

Order, it supplemented its original discovery responses, as required by the Order, thus the award

of fees in this context would be unjust. [Filing No. 76 at 2.] Specifically, Defendant details that on

August 1, 2023, it supplemented its discovery responses with unredacted copies of Policy & Procedures 153, 165 and 204 through email, and explained to Plaintiffs that they could not guarantee all documents were present due to volume, but if Counsel found something that was not included, Defendant would produce the documents accordingly. [Filing No. 76 at 3.] Defendant notes that Plaintiffs' Counsel did not identify any documents they claim were not produced or how Defendant did not comply with the Court's Order. [Filing No. 76 at 4.] Defendant further argues that its objection—that production of the additional information found from linked documents is highly extensive, unduly burdensome, and not proportional to the needs of the case—was substantially justified, and this is not a basis for imposing sanctions. [Filing No. 76 at 6-7.]

The Court's inherent power and Fed. R. Civ. P. 37 provide the Court with broad authority to sanction parties who abuse the discovery process, including for a party's failure to comply with discovery orders. *See, e.g.*, Fed. R. Civ. P. 37(d)(1)(A). But Fed. R. Civ. P. 37 is not monolithic. Rather, it is informed by local rules and the Court's expectations of lawyers. Thus, the Court will first address its expectations of counsel in discovery.

The Seventh Circuit's Standards for Professional Conduct provides that counsel have a duty to one another to "respond to interrogatories reasonably and will not strain to interpret them in an artificially restrictive manner to avoid disclosure of relevant and non-privileged information." Standards for Prof. Conduct within the Seventh Fed. Jud. Cir., *Lawyers' Duties to Other Counsel*, at ¶ 26, *available at* https://www.ca7.uscourts.gov/rules-procedures/rules/rules.htm#standards (last accessed Oct. 20, 2023). Counsel are also expected to "base our discovery objections on good faith belief in their merit and will not object solely for the purpose of withholding or delaying the disclosure of relevant information." *Id.* at ¶ 27. Finally, counsel must not seek sanctions "without first conducting a reasonable investigation." *Id.* at ¶ 5. These obligations make clear that attorneys

3

are to be forthright and cooperative in responding to discovery request or any objections that follow

suit, and that counsel who engage in gamesmanship through unwarranted delays or unsubstantiated

restrictions have no place practicing before this Court.

   With these standards of conduct in mind, the Court turns back to Fed. R. Civ. P. 37 and its

purpose, which is both to penalize parties who do not follow the rules and to deter others from

abusive conduct. *See Greviskes v. Univ. Research Ass'n, Inc.*, 417 F.3d 752, 758-59 (7th Cir. 2005);

*Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992). Sanctions may be

appropriate where the noncomplying party "acted *either* with willfulness (sic), bad faith *or* fault."

*Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (emphasis in original). "Bad

faith" is "characterized by conduct which is either intentional or in reckless disregard of a party's

obligations to comply with a court order," whereas "fault" "only describes the reasonableness of

the conduct—or lack thereof—which eventually culminated in the violation." *Id.* Fault, however,

is something "more than a mere mistake." *Panwar v. Access Therapies, Inc.*, 2014 WL 820023,

at *5 (S.D. Ind. Mar. 3, 2014).

   Here, the Court detects no bad faith on the part of Defendant. Defendant objected to the

undersigned's order as clearly erroneous or contrary to law. [Filing No. 73.] Further, it objected to

a specific portion of this Court's Order on Plaintiff's Motion to Compel, relating to any and all

documents attached to, linked to, or referenced within the Policies & Procedures at issue in the

discovery dispute. Defendant's objection argued that production of these documents was overly

burdensome and not proportional to the case. While Defendant's objection was ultimately

overruled, the undersigned finds that it's position to withhold production until such time as the

Court determined whether production was warranted, was substantially justified. While Plaintiffs

can certainly take issue with the objection and Defendant's arguments for withholding production,

this is not grounds for sanctions at this time. Therefore, the Court **DENIES** Plaintiffs' Motion for

Sanctions, [Filing No. 75].

      **B.**      **Plaintiff's Verified Motion to Enforce Court's Order Compelling Defendants to Produce Documents and Request for Sanctions, [Filing No. 87]**

In its second motion, Plaintiffs argue in a similar fashion, that Defendant has not fully

complied with the Court's Order to Compel. [Filing No. 87 at 2.] In this motion, Plaintiffs

specifically note that Defendant has produced full, unredacted copies of their Policy and

Procedures 153, 165 and 204, but it has failed to comply with the portion of the Court's Order

compelling it to produce "[a]ny and all other documents attached to, linked to, or otherwise

referenced in any document set forth above." [Filing No. 87 at 2.] Plaintiffs argue that the

Protective Order in place includes specific procedures for production of documents marked as

"Confidential" or "Attorney's Eyes Only." [Filing No. 87 at 3.] In sum, Plaintiffs request this Court

order Defendants to comply fully with the Court's Order to Compel. Plaintiffs further request this

Court grant a sanction of $1,282.50 and a daily monetary sanction for each day Defendant fails to

produce the entirety of the documents it failed to produce after the Court's Order on Motion to

Compel. [Filing No. 87 at 4-5.]

Defendant's first position is that it has already produced nearly 2,000 pages of documents

in its Policy & Procedures 153, 165, and 204, but any further production, absent a showing that it

is reasonably calculated to lead to discovery of admissible evidence, is in violation of the Federal

Rules of Civil Procedure. [Filing No. 90 at 4.] Defendant next argues that this request is a

substantial undertaking which would require the production of an additional sixty-six documents

that are not relevant or central to the issue in this matter. [Filing No. 90 at 4.] It states that the

materials sought would be unduly burdensome because many of the links are inactive due to being

outdated, and obtaining the hyperlinked matorrals would be a heavily time-consuming task. [Filing

No. 90 at 5.] Next, Defendant argues that its position is substantially justified and merits relief or

reduction from Plaintiffs' request, as it has produced the names of all documents at issue, allowing

Plaintiffs to challenge which specific documents they require for further production. [Filing No.

90 at 5-6.] Defendant argues that its request from relief from the Court's Order is not a disregard

of the Order, but a justified position. [Filing No. 90 at 6.] Lastly, Defendant requests that if this

Court should award fees, it should reduce the amount because Plaintiffs have not proven their fees

are reasonable and that many of the hours appear duplicative between this motion, the prior motion

for sanctions, and the motion to enforce. [Filing No. 90 at 6-7.]

In reply, Plaintiffs argue that none of Defendant's arguments change the fact they refused

to comply with production of "any and all other documents attached to, linked to, or otherwise

referenced in any document set forth above." [Filing No. 91 at 1-2.] Plaintiffs argue that while

Defendant identifies titles of several attachments and hyperlinks that appear to be unrelated to the

issues in the case, it only generally lists the numbers of attachments and hyperlinks to policies

without providing titles for the Court to analyze whether any of these would be relevant. [Filing

No. 91 at 2.] Plaintiffs contend that Defendant's argument that the materials are not reasonably

calculated to lead to the discovery of admissible evidence is contrary to this Court's prior order,

which compelled the production of this exact information. [Filing No. 91 at 3.] Plaintiffs further

argue that Defendant's disagreement that production of these documents would be time consuming

fails, as it is a large organization with more than ample resources to comply with the Court's order

of production for electronically stored documents. [Filing No. 91 at 3-4.] Lastly, Plaintiffs argue

that Defendant was provided a non-prejudicial option for production via "Attorney's Eyes Only"

designation under the Protective Order, however it refused. [Filing No. 91 at 4.]

First, the Court notes that the District Judge overruled Defendant's objections to the undersigned's Order granting Plaintiffs' Motion to Compel, observing that "[t]he relevance of the redacted documents has been previously briefed and argued by all parties" and "[t]he Court finds no basis to modify or set aside the Magistrate Judge's Order." [Filing No. 88 at 4-5.] Ultimately, the procedural consequence of the District Judge's Order granting Defendant's Motion for Summary Judgment is that Plaintiffs' request to enforce the Court's Order to Compel is moot.[1]

Thus, in terms of the instant motion, the undersigned will focus its attention only on Plaintiffs' request for sanctions, and not delve into the merits of Plaintiffs' request to enforce. The Court again finds no bad faith on the part of Defendant. Plaintiffs filed their request for sanctions prior to the District Judge issuing an opinion on Defendant's objection to the undersigned's Order granting Plaintiffs' Motion to Compel. The undersigned reiterates that while Defendant's objection was ultimately overruled, Defendant's arguments within this objection and withholding production until such time as the Court determined whether production was required, were substantially justified. However, the Court provides this warning: withholding discovery, under the singular assumption that a dispositive motion would be granted, is a risk, and a practice that is sanctionable if the withholding party was acting "*either* with willfulness (sic), bad faith *or* fault." *See Marrocco, 966 F.2d at 224* (emphasis in original).

Therefore, the Court **DENIES** Plaintiffs' Verified Motion to Enforce Court's Order Compelling Defendant to Produce Documents and Request for Sanctions.

---

[1] The Court finds it worth noting that if the District Judge did not issue the Order granting Defendant's Motion for Summary Judgment, or denied this motion, the undersigned would have proceeded to evaluate the arguments surrounding enforcement of the Court's Order to Compel following the District Judge's Order Overruling Defendant's Objection.

## III.
### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Sanctions, [75], and Plaintiffs' Verified

Motion to Enforce Court's Order Compelling Defendant to Produce Documents and Request for

Sanctions, [87] are **DENIED.**


Date: 11/8/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana


**Distribution via ECF to all counsel of record.**